**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **GLENN TYLER CHRISTIE, et al.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:19-cv-01289-BAH** |
| | ) | |
| **THE ISLAMIC REPUBLIC OF IRAN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT

Plaintiffs, Glenn Tyler Christie et al., by the undersigned counsel, hereby move for entry of default pursuant to Rule 55(a), Fed. R. Civ. P., and in support thereof, plaintiffs state as follows:

The Complaint on behalf of all Plaintiffs and against all Defendants was filed on May 3, 2019. See Docket Entry # 1. On May 28, 2019, the Plaintiffs filed their Amended Complaint against all Defendants.  See Docket Entry # 9.

This claim was brought pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §1605A, that permits victims of terrorism to file suit against foreign sovereign state sponsors of terrorism.  All plaintiffs are injured victims or their closest relatives, of the terrorist bombing on June 25, 1996, that occurred at the United States Air Force Base in Dhahran, Saudi-Arabia in a housing complex known as the Khobar Towers.   All plaintiffs have suffered serious physical and emotional injuries.

1

Defendants are the Islamic Republic of Iran ("Iran"), a foreign sovereign state, and its political subdivisions, the Iranian Ministry of Intelligence and Security ("MOIS") and the Iranian Islamic Revolutionary Guard Corps ("IRGC").

The same Defendants have previously been held liable for providing material support and resources to support that terrorist attack.  E.g., *Akins v. Islamic Republic of Iran*, 332 F. Supp. 3d 1 (D.D.C. 2018); *Schooley v. Islamic Republic of Iran*,  No. 17-1376 (D.D.C. June 27, 2019)(BAH); *Blais v. Islamic Republic of Iran*, 459 F. Supp. 2d 40 (D.D.C. 2006); Estate of *Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006); *Rimkus v. Islamic Republic of Iran*, 750 F. Supp.2d 163 (D.D.C. 2010).

The D.C. court has also found that all three defendants are subject to service under § 1608(a) as "the foreign state or [a] political subdivision" thereof.  28 U.S.C. § 1608(a). Iran is, of course, the foreign state itself, and the "core functions" of IRGC and MOIS are inherently governmental. See, *Nikbin v. Islamic Republic of Iran*, 471 F. Supp. 2d 53, 59 (D.D.C. 2007) ("[B]oth MOIS and [IRGC]" must be treated as the foreign state for purposes of § 1608(a)); Azadeh v. Gov't of the Islamic Republic of Iran, No. 16-1467, 2018 WL 4232913, at *39 n.6 (D.D.C. Sept. 5, 2018) (IRGC must be treated as the foreign state itself for purposes of § 1608. They are both "so closely bound up with the structure of the state that they must in all cases be considered as the 'foreign state' itself, rather than a separate 'agency or instrumentality' of the state." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 153 (D.C. Cir. 1994).

Plaintiffs have complied with all requirements for service on defendants the Islamic Republic of Iran, IRGC and MOIS under 28 U.S.C. Section 1608(a), which provides for service over a foreign sovereign and its political subdivisions in one of four ways.  The first two mechanisms by (1) "special arrangement for service between the plaintiff and the foreign state,"

and (2) "in accordance with an applicable international convention on service of judicial documents," were unavailable here.[1]  As a result, Plaintiffs correctly attempted service under § 1608(a)'s third paragraph which requires attempted service "by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned."  The Certificate of Clerk was filed on July 9, 2019, showing transmission by registered mail, return receipt requested, of summons, complaint, and the notice of suit, along with translations into Farsi, to the head of the ministry of foreign affairs.  See Docket Entry # 17.

The Plaintiffs notified the Court that the mailing was returned as undeliverable on August 9, 2019.  See Docket Entry # 18.

Where service cannot be made pursuant to any of the first three subdivisions of Section 1608(a), and after the lapse of at least 30 days, subdivision (a)(4) of that provision authorizes "diplomatic service" by requesting the Clerk of the Court to send two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, to "the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when papers were transmitted."

---

[1] There is neither a "special arrangement" that governs service between Plaintiffs and Iran nor is Iran a "party to an 'international convention on service of judicial documents.'" *Hamen v. Islamic Republic of Iran*, No. 16-1394, 2019 WL 3753800, at *16 (D.D.C. 2019) (quoting Ben-Rafael, 540 F. Supp. 2d at 52)).

Given that here service could not be affected under the third paragraph, after the lapse of 30 days from the attempted registered mail service, the Plaintiffs proceeded to serve Iran, IRGC, and MOIS pursuant to § 1608(a)(4).   The Clerk, in this case, did transmit the required papers to the State Department on August 21, 2019.  See Docket Entry # 21.

On December 5, 2019, the State Department filed with the Clerk of the Court a letter attesting to the transmission of the required papers through diplomatic channels pursuant to 28 U.S.C. 1608(a)(4), and a certified copy of the diplomatic note attesting to the transmission of the required papers to the foreign minister of Iran on November 5, 2019.  See Entry Docket # 23. Thus, "diplomatic service" pursuant to subdivision (a)(4) of Section 1608 of the FSIA was successfully executed on  November 5, 2019.

Accordingly, the requirements for service on Defendants, Iran, IRGC and MOIS under Section 1608 of the Foreign Sovereign Immunities Act have been satisfied.  Pursuant to 28 U.S.C. Section 1608(d), defendants had sixty days after service was affected to answer or otherwise respond.   That time lapsed on January 6, 2020, with no response from defendant.

Since the Defendants failed to respond they are in Default. The Clerk of the Court may now enter a Declaration of Default, under Rule 55(a).

WHEREFORE, all Plaintiffs respectfully move for entry of a Declaration of Default against all Defendants.

Dated:                                    Respectfully submitted,


                                          /s/  Michael Miller

                                          The Miller Firm LLC
                                          Michael J. Miller, Esq.
                                          D.C. Bar No. 397689
                                          108 Railroad Avenue
                                          Orange, VA 22960
                                          Tel: (540)-672-4224
                                          Fax: (540)-672-3055
                                          MMiller@millerfirmllc.com
                                          DDickens@millerfirmllc.com
                                          EMaggio@millerfirmllc.com

                                          And

                                          /s/ Gavriel Mairone

                                          MM~LAW, LLC
                                          Gavriel Mairone, Esq (*pro hace vice* to be filed)
                                          Illinois Bar No. 618698
                                          Adora Sauer, Esq (*pro hace vice* to be filed)
                                          Illinois Bar No. 6256703
                                          980 North Michigan Avenue, Suite 1400
                                          Chicago, IL 60611
                                          Tel: (312) 253-7444
                                          Fax: (312) 275-8590
                                          ctlaw@mm-law.com;
                                          adora@mm-law.com

                                          *Counsel for Plaintiffs*