UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLENN TYLER CHRISTIE, et al., | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) Civil Action No. 1:19-cv-01289-BAH |
| | ) |
| THE ISLAMIC REPUBLIC OF IRAN, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION
AND MEMORANDUM IN SUPPORT**

Plaintiffs respectfully move this Honorable Court for expedited consideration of Plaintiffs' Rule 55(b) Motion to Take Judicial Notice of Evidence in Prior Related Cases and Entry of a Default Judgment as to Liability and Request to Submit Documentary Evidence Under Seal, filed on January 23, 2020, pending before this Court. (ECF No. 29). The pending motion also seeks the Court's approval to file a redacted version on the public docket, excluding personal identifiers and other sensitive personal and protected information. Should this Court grant this Motion, Plaintiffs stand ready to immediately file their Motion for Entry of Final Judgment on Damages, which would require the same expedited consideration by the Court[1].

In light of a recent Congressional action that extended the application deadline until February 19, 2020, for victims to submit final judgments against Foreign Sovereigns under 28 U.S.C. § 1605A to the U.S. Victims of State Sponsored Terrorism Fund ("USVSST Fund"),

---

[1] Plaintiffs understand that an expedited ruling on damages would require the voluntary withdrawal of the Plaintiffs' punitive damage claims, which the Plaintiffs are prepared to do should the Court consent to rule expeditiously on all relevant *Christie v Iran* motions, so that Plaintiffs may be eligible for the third-round distribution of the USVSST Fund for which final submissions are due by 2/19/2020.

1

Plaintiffs respectfully request this Honorable Court for expedited consideration in order to meet this new deadline.

## BACKGROUND AND PROCEDURAL HISTORY

This case arises out of the June 25, 1996, terrorist attack on the United States Air Force housing complex, Khobar Towers, in Dhahran, Saudi Arabia ("the Attack"). At the time of the Attack, the Khobar Towers complex was housing United States Air Force service members and other service-members who were assigned to Dhahran Air Base in Dhahran, Saudi Arabia, to enforce a no-fly zone over southern Iraq.

Plaintiffs in this action are injured victims or their immediate family members, who suffered physical and emotional injuries as a result of the brutal Attack on the Khobar Towers complex. The Plaintiffs, who are U.S. service-members and United States' citizens, can be divided into two categories:

1. Fourteen (14) individuals employed by the United States Air Force who suffered physical and psychological injuries as a result of the Attack, including Glenn Tyler Christie, Clayton Zook, Joseph Martin Jackson, Christopher Pius Nagel, Bryant Keith White, Ricky Lee Morse, Scott Elliott Rikard, William Christian Nevins, Timothy Michael Schomaker, Steven Neal Wilson, Nathan Frederick Baloy, Jackie Douglas Swogger, Chad Allen McCullough, and LeSandro Edwin Santiago.

2. Twenty-one (21), immediate family members of those service-member victims who suffered severe emotional distress as a result of the Attack on their loved ones, including Janet Louise Christie, Sandra Olivia Bouse, Janet Lynn Douglass, Gregory Anthony Russell, Crystal Lynn Love, Sheila Lynn Jackson, William Richard Jackson, Melissa Dawn Jackson, RaeAnn Beth Nagel, Bernardine Clementine Nagel, Terese Marie Hunnel, Gerard Paul Nagel, Michael John

Nagel, Mary Margaret Wilmes, Robert Charles Nagel, Patrick James Nagel, Carolyn Ann Nagel, Georgiana White, Kristina Lacava Nevins, Kimberly Michelle Wilson, and Jackie Douglas Swogger.

The Defendants are the Islamic Republic of Iran ("Iran"), a foreign sovereign state, and its political subdivisions, the Iranian Ministry of Intelligence and Security ("MOIS") and the Iranian Islamic Revolutionary Guard Corps ("IRGC").  These Defendants have previously been held liable for providing material support and resources to the terrorists who carried out the Attack.  E.g., *Akins v. Islamic Republic of Iran*, 332 F. Supp. 3d 1 (D.D.C. 2018); *Schooley v. Islamic Republic of Iran*, No. 17-1376; 2019 U.S. Dist. LEXIS 108011 (D.D.C. June 27, 2019)(BAH); *Blais v. Islamic Republic of Iran*, 459 F. Supp. 2d 40 (D.D.C. 2006); *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006); *Rimkus v. Islamic Republic of Iran*, 750 F. Supp.2d 163 (D.D.C. 2010).

The Plaintiffs filed their Complaint on May 3, 2019, against these Defendants pursuant to the terrorism exception of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A, which allows victims of terrorism to file suit against foreign sovereign state-sponsors of terrorism. (ECF No. 1).  On May 28, 2019, the Plaintiffs filed their Amended Complaint against all Defendants.  (ECF No. 9).  After attempting service on the Defendants pursuant to 28 U.S.C. § 1608(a)(3), (as service under 1608(a) (1) and (2) were not available), the Plaintiffs properly served all Defendants pursuant to 1608(a)(4) via diplomatic channels. (ECF Nos. 17-21).  On January 6, 2020, service was completed on all Defendants.  (ECF No. 22-25).  On January 7, 2020, the Plaintiffs filed a Motion for Entry of Default pursuant to Rule 55(a).  (ECF No. 26).  On January 23, 2020, the Clerk entered the Default as to all Defendants. (ECF No. 30).  On January 23, 2020, the Plaintiffs filed a Motion to Take Judicial Notice of Evidence in Prior Related Cases and Entry

of a Default Judgment as to Liability and Request to Submit Documentary Evidence Under Seal. (ECF No.29).

## DISCUSSION

On November 21, 2019, legislation called "The United States Victims of State Sponsored Terrorism Fund Clarification Act" ("Clarification Act") was enacted. Public Law No. 116-69, 133 Stat. 1133, at 1140. The Clarification Act made a number of technical amendments to the Justice for United States Victims of State Sponsored Terrorism Act, 34 U.S.C. § 20144, which is the primary means that plaintiffs such as these herein can hope to recover some small portion of any compensatory damages judgment they may be awarded against defendant Iran.

Among other things, the Act specifically enlarged the window (which previously had expired in September 2019) during which judgments may be entered to render victims eligible for the third-round of payments from the Fund. See USVSST Fund Clarification Act § 1701(b)(1)(C)(ii)(II) (providing that "[t]he Special Master shall accept applications from eligible applicants . . . until the date that is 90 days after the date of the enactment of [the Act]"). Plaintiffs hope to submit their applications for third-round USVSST claims before this February 19, 2020 deadline; however, no applications may be submitted until a Final Judgment is rendered by the Court.

In passing the recent USVSST Fund Clarification Act, Congress was aware of certain terrorism victims who were still awaiting judgments, as well as other victims who had not yet commenced legal action (including certain 9/11 victims and Iran hostages), none of whom had been able to obtain final judgments prior to the September 2019 deadline for the USVSST Fund's third-round payments. To ameliorate this result, Congress created an additional 90-day window for such victims of international terrorism to obtain final judgments and submit

applications for third-round payments from the USVSST Fund on or before February 19, 2020. See USVSST Fund Clarification Act § 1701(b)(1)(C)(ii)(II).

At least one court has already taken notice of this new legislation and has solicited information from victims with pending cases regarding meeting this new deadline. See, e.g., In re Terrorist Attacks on Sept. 11, 2001, 03-MDL-01570(GBD)(SN), Order, Nov. 21, 2019, (noting new legislation *sua sponte* and directing plaintiffs to submit a letter "estimat[ing] how many plaintiffs will seek judgments and the deadline for filing judgments with the [Fund]").

If this Court determines that the captioned Plaintiffs are entitled to judgment, they will be eligible to apply for compensation from the USVSST Fund alongside other victims of state-sponsored terrorism; and if such judgment is entered sufficiently in advance of the extended deadline, they will be able to do so in time for consideration for the Fund's third-round payments.

The Plaintiffs, therefore, respectfully request this Honorable Court, to consider an expedited ruling on the Motion to Take Judicial Notice of Evidence in Prior Related Cases and Entry of a Default Judgment as to Liability and Request to Submit Documentary Evidence Under Seal pending before this Court, and to consider extending the same relief for Plaintiffs' on their Motion for Judgment on Damages, which Plaintiffs stand ready to file, so that those Plaintiffs, who receive judgment in their favor, may have the opportunity to apply for compensation in time for the Fund's third-round payments as Congress intended.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Plaintiffs respectfully request that this Honorable Court grant their Motion to Take Judicial Notice of Evidence in Prior Related Cases and Entry of a Default Judgment as to Liability and Request to Submit Documentary Evidence Under Seal and for such other and further relief this Court may deem just and proper.

Dated:   January 24, 2020                                   Respectfully submitted,

/s/  Michael Miller\_\_
The Miller Firm LLC
Michael J. Miller, Esq.
D.C. Bar No. 397689
108 Railroad Avenue
Orange, VA 22960
Tel: (540)-672-4224
Fax: (540)-672-3055
MMiller@millerfirmllc.com
DDickens@millerfirmllc.com
EMaggio@millerfirmllc.com

And

/s/ Gavriel Mairone\_\_\_

MM~LAW, LLC
Gavriel Mairone, Esq (Admitted *pro hac vice*)
Illinois Bar No. 618698

Adora Sauer, Esq (Admitted *pro hac vice)*
Illinois Bar No. 6256703
980 North Michigan Avenue, Suite 1400
Chicago, IL 60611
Tel: (312) 253-7444
Fax: (312) 275-8590
ctlaw@mm-law.com;
adora@mm-law.com

*Counsel for Plaintiffs*